IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LYNETTE PETTY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 4:04CV01034 ERW (AGF) |
| PATRICIA CORNELL, | ) ) ) |
| Respondent. | ) ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the petition of Missouri state prisoner Lynette Petty for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action was referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b) for recommended disposition. For the reasons set forth below, the Court recommends that habeas relief be denied.

**BACKGROUND**

**Guilty Plea**

On May 14, 2002, Petitioner pled guilty to one count of robbery in the first degree and one count of armed criminal action. At the plea hearing, Petitioner's counsel informed the court that the plea was pursuant to a binding agreement with the State that Petitioner would be sentenced to two concurrent ten-year terms of imprisonment, to run consecutively to a term on another charge. Resp. Ex. B at 5-6. Petitioner acknowledged

that she had discussed the charges with counsel and understood them. The prosecutor then stated that if the case proceeded to trial, the State would prove that on September 4, 2001, Petitioner entered the apartment of Napoleon Greer, threatened him with a butcher knife, pulled him from his wheelchair, and stole money from him. Further, the State would prove that Petitioner was a prior and persistent offender. Id. at 7-8. The court explained to Petitioner that the potential sentencing range if she went to trial was 10 years to 30 years or life on the robbery charge, and three years to life on the armed criminal action charge. Id. at 10.

Petitioner stated that she had no complaints about counsel's services and that he talked to every potential witness whom she thought he should have talked to. Id. at 11-12. The court ascertained that Petitioner understood the rights she was waiving by pleading guilty, and accepted her pleas as voluntarily and intelligently made. The court then sentenced Petitioner in accordance with the plea agreement to two concurrent ten-year terms of imprisonment. After sentencing, the court proceeded to inquire into whether Petitioner was satisfied with her counsel's services. When asked if counsel investigated the case to Petitioner's satisfaction, Petitioner stated that "a little more" could have been done. Id. at 20. She asserted that she had given counsel the names, addresses, and phone numbers of three witnesses, including Johnny Miller; that the witnesses had been ready to come forward and talk about the case, but could not get in touch with anyone; and that currently none of them wanted to testify. Petitioner stated that she did not know what any of the three witnesses would have said had they been

2

contacted earlier. She stated that counsel told her that he had talked to the witnesses and that they were "all saying the same thing, but when it came back around, nobody wanted to talk this time." Id. at 23-24. Upon further inquiry, Petitioner reaffirmed that her guilty pleas were knowing and voluntary, and she responded in the affirmative when asked if counsel did a good job for her. The court concluded that there was no reasonable cause to believe that Petitioner had received ineffective assistance of counsel. Id. at 24-25.

**State Post-conviction Proceedings**

On June 3, 2002, Petitioner submitted a pro se motion for state post-conviction relief under Missouri Supreme Court Rule 24.035, along with a motion for leave to proceed in forma pauperis. On June 20, 2002, the trial court granted the motion for leave, and appointed counsel to represent Petitioner. On October 31, 2002, appointed counsel filed an amended motion for post-conviction relief. In the amended motion, Petitioner argued that she received constitutionally ineffective assistance of counsel regarding the plea, due to counsel's failure to advise her that Miller knew that Greer would promise money in return for sexual favors and then not pay for them. Petitioner argued that this failure prejudiced her because Miller's knowledge would have corroborated her version of events, which Petitioner claims she related to counsel. According to Petitioner, she did not steal any money from Greer because he had given the money to her after she had promised to have intercourse with him. Greer gave her money so that she could buy drugs for both of them. But Petitioner took the money, bought drugs for herself, and did not return to Greer's apartment to have intercourse with him. Greer had accused other

3

women of robbing him so he could avoid paying for their sexual favors. Id. at 24.

Petitioner asserted in the amended motion that on October 31, 2001, she told counsel that he needed to interview her friend Miller, and that counsel asked his investigator to do so on November 20, 2001. According to Petitioner, the investigator informed counsel that Miller told him that when Greer received his government assistance checks, all he wanted to do with the money was look for women and drugs, and typically Greer would not pay the women the promised money for the sexual favors they performed. Petitioner further stated in her motion that when she found out the police were looking for her, she hid in Miller's apartment, and that counsel told her that because Miller witnessed the police finding her there, Miller was a witness for the State and therefore "could not have any useful information for the defense."

Petitioner further asserted that when the State did not endorse Miller as a witness, Petitioner's counsel subpoenaed him on March 21, 2002. Petitioner claimed that counsel never told her that the investigator had talked to Miller, nor about "the corroborative information" Miller had, and that had she known these alleged facts she would not have pled guilty, but would have gone to trial. She requested an evidentiary hearing on this claim. Petitioner did not indicate when and how she first learned of the investigator's report to counsel. Resp. Ex. A at 22-30.

On November 25, 2002, the motion court denied Petitioner's amended Rule 24.035 motion without holding an evidentiary hearing. The court held that Petitioner's allegations regarding what Miller could testify to were not sufficient to entitle her to a

4

hearing or to relief, because she did not allege that Miller witnessed the events giving rise to the charges against Petitioner, or that he had first-hand knowledge of Greer's conduct. Thus, Miller would not have been a competent witness at trial. The court further noted Petitioner's testimony following sentencing that her counsel told her that he had talked to the witnesses Petitioner had named, but that none of them "wanted to talk at this time," as well as Petitioner's admission under oath at the plea hearing that the events recited by the prosecutor were true. Id. at 33-39.

On appeal, Petitioner argued that the motion court erred in focusing on whether Miller would have been a competent witness at trial, rather than on whether Petitioner's plea was knowing and voluntary, and on Petitioner's assertion that she would not have pled guilty had she known about Miller's knowledge of Greer's pattern of conduct. Petitioner argued that there was a reasonable probability that she would not have pled guilty under such circumstances. Resp. Ex. C.

On November 25, 2003, the Missouri Court of Appeals affirmed the denial of post-conviction relief, holding that the motion court's findings and conclusions were not clearly erroneous. The appellate court added that Miller's testimony regarding what he heard about Greer would have been hearsay, and might have been found inadmissible at trial; that Petitioner did not allege that Miller would have testified if she had proceeded to trial; and that the information from Miller that Greer would not pay the women as promised for the sexual favors did not explain why Petitioner was in possession of Greer's money. The appellate court concluded that Petitioner failed to show that she was

5

prejudiced from counsel's failure to advise her of the information he had obtained from Miller. Resp. Ex. E.

**Federal Habeas Petition**

The present petition for federal habeas relief was signed by Petitioner on July 28, 2004, which the Court deems to be the petition's filing date. See Smith v. Roper, No. 4:03CV907 HEA (TIA), 2005 WL 2674942, at *2 n.1 (E.D. Mo. 2005) (holding that absent evidence to the contrary, the date upon which a habeas petitioner signed the petition is sufficient indicia of the date upon which the petitioner delivered it to prison authorities for mailing; which date, under the prison mailbox rule, becomes the date of filing). Petitioner claims that her constitutional rights were violated by (1) the denial of an evidentiary hearing on her post-conviction motion; (2) the denial of effective assistance of counsel, due to plea counsel's failure to advise her of Miller's knowledge that Greer would promise money in return for sexual favors and then not pay; and (3) the prosecution's failure to notify defense counsel that Miller was not on its list of available witnesses.

Respondent argues that Petitioner's first ground for relief is not cognizable in a federal habeas proceeding; that her second ground is without merit, as the state courts' resolution thereof was not unreasonable; and that the third ground should be dismissed under the doctrine of procedural default, as the claim was not raised in the state courts.

On December 14, 2004, Petitioner filed a motion for leave to file an amended petition for habeas relief, adding a claim that plea counsel was ineffective for failing to

investigate her case further and attempt to get the first degree robbery charge amended to the lesser charge of stealing by deceit, which more closely fit the facts of her case, namely, not returning money that Greer had given her.[1] She further asserts that had counsel investigated the case properly, we could have "easily come up with a defense that would've weighed heavily upon a different outcome of guilt or innocence or of the charge of Stealing by Deceit." Doc. #12. In a separate pleading, Petitioner acknowledged that she had agreed with what the court said at the plea hearing; but she asserted that she had been told to do so by counsel and did as he directed because, while she is "not handicapped," she "does have a mental disability in that she does not comprehend to the fullest extent as a normal person might." Doc. #15. On December 20, 2004, the Court granted Petitioner leave to file the amended petition.

Respondent argues that Petitioner's new claim is barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1)(A). Respondent further argues that this claim should be dismissed under the doctrine of procedural default, or alternatively, on the merits, in light of petitioner's assertions at the plea hearing that counsel fully advised her of all aspects of her case.

In reply, Petitioner states that she "is still claiming ineffective assistance of counsel"; and she asks the Court to stay her federal habeas action until she files a motion

---

[1] This motion was signed on December 14, 2004, and entered on the docket sheet on December 16, 2004.

in state court to reopen her Rule 24.035 action so that she may present a claim of abandonment by counsel.

## DISCUSSION

### Denial of an Evidentiary Hearing

As Respondent argues, the denial of a hearing in connection with state post-conviction proceedings does not involve a constitutional violation, and is thus not cognizable in a federal habeas action. See Smith v. Lockhart, 882 F.2d 331, 334-35 (8th Cir. 1989); Malcom v. Houston, 2006 WL 3780541, at *7 (D. Neb. Dec. 21, 2006) (citing cases).

### Counsel's Failure to Advise Petitioner as to Miller's Knowledge

Petitioner argues that plea counsel's performance was constitutionally deficient because he did not advise her of the information he had obtained from Miller. She asserts that she was thereby prejudiced because had she known that Miller had told the investigator that Greer typically offered money to women for sexual favors and did not pay them, she would have insisted on going to trial, as this testimony corroborated her story.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner who pled guilty must show that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57-59 (1985) (applying Strickland v. Washington, 466 U.S.

8

668 (1984), to the guilty plea context). If the claimed error is counsel's failure to investigate or to discover potentially exculpatory evidence, or to notify the petitioner of a potential defense, the inquiry "will largely depend on whether the affirmative defense likely would have succeeded at trial" so that the petitioner would have been acquitted by a jury, or, if convicted, would have been given a shorter sentence than received. Hill, 474 U.S. at 59-60; see also Witherspoon v. Purkett, 210 F.3d 901, 903-904 (8th Cir. 2000); Forest v. Delo, 52 F.3d 716, 722 (8th Cir. 1995).

Petitioner's claim was adjudicated on the merits by the state courts. Under the AEDPA, in such circumstances, an application for a writ of federal habeas corpus cannot be granted unless the state court's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

The "contrary to" clause is satisfied if a state court has arrived "'at a conclusion opposite to that reached by [the Supreme Court] on a question of law'" or "'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent'" but arrives at the opposite result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably

9

applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413; Linehan v. Milczark, 315 F.3d 920, 924-25 (8th Cir. 2003). A case cannot be overturned merely because it incorrectly applies federal law, for the application must also be "unreasonable." Williams, 529 U.S. at 411; Colvin v. Taylor, 324 F.3d 583, 587 (8th Cir. 2003) (under AEDPA, a writ of habeas corpus may not be granted "unless the relevant state court decision is both wrong and unreasonable").

The factual findings of the state court "are subject to an even more deferential review" under 28 U.S.C. § 2254(d)(2). Kinder v. Bowersox, 272 F.3d 532, 538 (8th Cir. 2001). Factual findings by the state court "shall be presumed to be correct," a presumption that will be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Here the Court concludes that the state courts' adjudication of Petitioner's initial claim of ineffective assistance of counsel did not result in a decision that was contrary to or involved an unreasonable application of Hill, nor was it based on an unreasonable determination of any facts. The state courts concluded that Petitioner failed to establish a reasonable probability that, but for counsel's claimed error in not advising her of what Miller told the investigator, Petitioner would have insisted on going to trial, or that a defense based upon this evidence would have succeeded at trial. Upon review of the record, the Court cannot say that these conclusions were erroneous. As the state courts essentially noted, even had Miller agreed to testify and had his testimony been admissible, it is not clear how his testimony would have aided Petitioner in resisting the

robbery charge, as Miller asserted that Greer would not pay the women he promised to pay, and Petitioner does not deny that she was found with Greer's money in her possession.

**State's Failure to Notify the Defense that Miller was not a State-Endorsed Witness**

Respondent argues that this Court is barred from considering this claim because it was procedurally defaulted in state court, in that petitioner did not include the claim in her post-conviction motion. Under the doctrine of procedural default, "[c]laims in a federal habeas petition not presented in the state court proceedings and for which there is no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he shows cause and prejudice for the default or a miscarriage of justice." Interiano v. Dormire, 471 F.3d 854, 856 (8th Cir. 2006) (holding that Missouri prisoner's claims not presented in his state post-conviction motion were defaulted) (citing Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005), cert. denied, 126 S. Ct. 1569 (2006)).

Where deficient mental capacity is asserted as cause to excuse a procedural default at the state post-conviction stage, the petitioner must conclusively establish that the defect substantially affected her capacity to appreciate her position and make a rational choice with respect to pursuing litigation of a claim. Holt v. Bowersox, 191 F.3d 970, 974 (8th Cir. 1999); Ervin v. Delo, 194 F.3d 908, 915 (8th Cir.1999). Here, to the extent that Petitioner is asserting diminished mental capacity to excuse her procedural default in failing to raise this ineffective assistance claim on post-conviction review, the Court concludes that Petitioner has failed to make the necessary showing. Moreover, the Court

11

notes that Petitioner's pleadings in the present case, while not the model of clarity, demonstrate sufficient awareness of her rights and sufficient ability to communicate her concerns. There is nothing to suggest why Petitioner could not have presented this same claim to the state motion court. As Petitioner presents no other cause for failing to raise the claim, the Court agrees that it is procedurally defaulted.

**Counsel's Failure to Attempt to Negotiate an Amendment of the Robbery Charge to a Charge of Stealing by Deceit**

Petitioner first raised the claim that counsel was ineffective for failing to negotiate the charge of stealing by deceit in her amended petition for habeas relief. Respondent asserts that this claim is also barred by procedural default. The Court concludes that Respondent's argument is well taken, for the same reasons noted above. "[A] habeas petitioner must have raised both the factual and legal basis for each ineffectiveness of counsel claim in the state courts in order to preserve the claim for federal review." Flieger v. Delo, 16 F.3d 878, 885 (8th Cir. 1994). This claim of ineffective assistance was not raised in state court, and Petitioner has failed to establish cause to excuse this default. Accordingly, the Court need not address Respondent's alternative arguments that this claim is barred by the statute of limitations,[2] or that the claim is without merit.

---

[2] Section 2244(d)(1)(A), requires a state prisoner seeking federal habeas relief to file her petition within one year after her state conviction becomes final. A judgment is final for this purpose, at the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 day period allotted for filing a petition for a writ of certiorari with the United States Supreme Court. Pierson v. Dormire, ___ F.3d ___, 2007 WL 984104, at *6-8 (8th Cir. April 4, 2007). This one year period is tolled during the pendency of a properly filed application for state post-conviction review; an application for state post-conviction review is pending until the appellate court mandate is issued.

Although federal district courts have the authority to hold habeas petitions in abeyance pending state court proceedings to exhaust unexhausted claims, such action is not warranted here.  See Rhines v. Weber, 544 U.S. 269, 276 (2005).

**CONCLUSION**

The Court concludes that Petitioner's challenge to the state court's denial of her request for an evidentiary hearing on her motion for post-conviction relief is not cognizable in this action; that Petitioner is not entitled to habeas relief on her claim that plea counsel was ineffective for failing to advise her about Miller's knowledge; and that Petitioner's remaining two claims are precluded under the doctrine of procedural default. The Court does not believe that "reasonable jurists" might find the Court's assessment of the procedural or substantive issues in this case "debatable or wrong," for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2254(d)(2).  See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (explaining the standard for issuing a Certificate of Appealability); Langley v. Norris, 465 F.3d 861, 862-63 (8th Cir. 2006) (same).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of Lynette Petty for federal

---

§ 2244(d)(2); Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006).

Here, the Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion on November 25, 2003, but the record does not indicate when the mandate issued.  Accordingly, it is not apparent whether the new claim of ineffective assistance of counsel raised in the December 14, 2004 amended petition is time-barred.

13

habeas corpus relief be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability should not be issued in this case.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that the failure to file timely objections may result in a waiver of the right to appeal questions of fact.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of May, 2007.

14